Ex1. pg. 1

Israel Zickafoose
% 111 Ashbrook Drive
Brandon, Florida [33511]
813-739-9190

4/7/2025

Upstart Operations Dept.
PO Box 1503
San Carlos, CA 94070

AUG 1 2025 PM3:58
FILED - USDC - FLMD - TPA

Re: Loan #: L5098841
Amount in dispute: $9,028.10

Dear Upstart,

You contacted me by email, on **March 18** and identified a debt with payments now to be made payable to UP Oberon Trust, as the new creditor, and asked for a payment to be made by **April 10**. This letter is being sent to you pursuant to the **Fair Debt Collection Practices Act**, **15 USC 1692c(c)**, and **15 USC 1692g**, which states that you must send a written notice containing each of the following information:

- The amount of the debt

- The name of the creditor to whom the debt is owed, and the original creditor if different from the current one

- A statement that unless the consumer, within thirty days after receipt of the notice (initial contact with the consumer regarding debt collection), disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector

- A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

- A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor

You must provide a complete accounting of the debt you claim I owe within **30 days** of your receipt of this letter. This proof must include but is not limited to:

- A copy of the complete and signed original contract for the debt obligation, clearly showing the signatures/indorsements made by me

Ex. 1 pg. 2

- An itemized breakdown of what you claim the tender is owed for

- An explanation showing how you calculated the amount

- Provide me with copies of any documents, ledgars, spreadsheets, etc., that show I agreed to pay the amount you claim I owe

- Prove that you are legally authorized to collect this debt by providing a copy of the contract between you and the original creditor showing the transfer of debt/tender

- Disclose any applicable bookkeeping entries related to the debt you claim I owe

- Identify and accurately describe any third-party costs or fees for which you are charging me, and that you have included in the disputed amount along with a complete itemization of all such charges

- Provide me a copy of the contract I have with you, Upstart, with my wet ink signature to prove we are in contract

- Provide me with an affidavit that the Statute of Limitations has not expired on this account

If this is a third party creditor/debt collector, be sure to include a copy of the contract between me and you showing that I gave consent for the debt contract to be sold/bought by you.

Additionally, under **Restatement of Contracts § 161**, non-disclosure of a relevant fact may be equivalent to misrepresentation. Furthermore, a transparent knowledge of the whole truth by both parties, coupled with consideration **(UCC 3-303)**, is needed for a contract or obligation to be enforceable.

I request that you provide me with a written statement that, under full disclosure and transparency to a relevant fact, affirms legal tender was supplied, in accordance with this debt, as for the expectancy of legal tender to be returned.

Respectfully, add anything to that statement that further discloses any important information regarding the alleged debt, including but not limiting to, the credit/tender that was extended, who supplied it, and where it came from.

Additionally, if a party fails to disclose material facts in a way that misleads the other party, it would be considered an unfair or deceptive act under **15 USC § 45**.

*In direct accordance with 15 USC 1692c(c), I order you to Cease and Desist all further contact with me and this address, unless it STRICTLY includes everything mentioned above, or a written confirmation that no further contact will be made.*

*Ex. 1 pg. 3*

*In direct accordance with 15 USC 1692g(3), I hereby dispute having any obligation for this debt, in its entirety, by any and all means whatsoever.*

Furthermore, if you as the creditor/debt collector violate any of the creditor's obligations and specifically stated guidelines outlined in **12 CFR § 1026.13** (billing error resolution), appropriate legal action may be taken against you.

In accordance with **12 CFR § 1026.13(b)**, consider this the official billing error notice.

If you attempt to unlawfully collect this alleged debt or contact me about it without providing the listed information above, or leave out any relevant or material facts, you are in violation of these codes and the **FDCPA**, and immediate legal action may be taken against you, and damages/compensation will be sought to the full extent of the law.

If you have reported invalid or inaccurate information to any of the three major credit bureaus (TransUnion, Equifax, or Experian), said action might constitute fraud and disparagement under Federal and State Laws.

A similar notice in accordance with **15 USC 1681i** and some of the applicable codes mentioned may be forwarded to each of the three major credit bureaus.

Accordingly, if any invalid or inaccurate mark is found on any of my credit reports by you or the parties you represent, a demand is hereby made to remove these marks, and if they aren't within **30 days** of your receipt of this letter, a complaint with the CFPB, the FTC, and/or the State Attorney General Consumer Protection Division will be filed, and appropriate legal action may be taken against you.

Thank you for your prompt attention to this matter.
A copy has been forwarded to UP Oberon Trust.

Sincerely,

ALL RIGHTS RESERVED

Israel Zickafoose

 **Upstart**    *Ex. 1 pg. 4*

< My Account

Personal loan #L5098841

 You haven't scheduled your upcoming payment for Apr 10

$290.93 due Apr 10          *Not scheduled*

**Make a payment**

 **AutoPay**

Borrowers with AutoPay are 85% less likely to incur a late fee.

**Set up AutoPay Now**



**Upstart**

P.O. Box 1503
San Carlos, CA 94070
(855) 451-6753
servicing@upstart.com



5/6/2025

Israel Zickafoose
111 Ashbrook Drive
Brandon, Florida 33511

Dear Israel,

The following is a validation of the debt that is owed to Cross River Bank under the name Dennis Serbeh.

If you have further reasons to believe that this is not your debt and would like to dispute the debt, please contact us at (855) 451-6753 or email us at servicing@upstart.com. If not disputed within 30 days, this debt will be assumed to be valid.

The packet includes the following:
- Loan information
- Creditor information
- Judgment information
- Promissory note
- TILA disclosure
- Payment history

Upstart® Loan Operations*
* Cross River Bank is the current creditor for your Upstart loan

This communication is Confidential: to be read by addressee only



## Upstart

P.O. Box 1503
San Carlos, CA 94070
(855) 451-6753
servicing@upstart.com



Ex. 2 pg. 2

## Loan Information
### as of 5/6/2025

| Borrower Name | Borrower ID | Loan ID |
|---|---|---|
| Dennis Serbeh | 75086964 | L3311419 |

| Account Status | Next Payment due date* | Oldest unpaid due date | Monthly Amount Due |
|---|---|---|---|
| In payment | 5/27/2025 | _____ | $28.79 |

*May be different from your scheduled payment date

## Creditor Information

| | Creditor Name | Address | Phone |
|---|---|---|---|
| **Current Creditor** | Cross River Bank | P.O. Box 1503 San Carlos, CA 94070 | (855) 451-6753 |
| **Original Creditor** | Cross River Bank | 400 Kelby St., 14th Floor Fort Lee, NJ 07024 | (855) 451-6753 |

## Judgement Information
(No judgement has been filed against borrower)

This communication is Confidential: to be read by addressee only



**Upstart**

P.O. Box 1503
San Carlos, CA 94070
(855) 451-6753
servicing@upstart.com



## Promissory Note

Agreed to on 7/26/2022 3:14 PM on https://www.upstart.com

Attached Below followed by Approval Disclosure

This communication is Confidential: to be read by addressee only

The Authoritative Copy of this record is held at na2.docusign

Ex. 2 pg. 4

**Promissory Note ("Note")**

Loan ID: L5098841

Upstart Borrower ID:      25939094

Lender:
Cross River Bank
2115 Linwood Ave.
Fort Lee, NJ 07024

1.      **Promise to Pay.** For value received from Cross River Bank, a New Jersey state-chartered bank located in Fort Lee, New Jersey ("CRB," or "you"), I promise to pay to the order of CRB or any subsequent holder or assignee of this Note, the principal sum of ___$10,000___, together with interest thereon commencing on the date that funds are issued to me at the rate of ___24.56%___ per annum simple interest. I acknowledge that I have read and agree to be bound by the agreement to arbitrate all claims in Section 17 below unless I have rejected the provision as provided in Section 17. By completing and submitting my loan application, I am requesting a loan on the terms described in this Note. I understand and agree that when you receive my application and this signed Note you are not agreeing to lend me money and you have the right not to make a loan to me. I understand that I am not bound by the terms and conditions set forth in this Note until you have funded a Loan. If you decide to make a Loan to me, I agree to be bound by the terms of this Note.

2.      **Payments.** This Note is payable in __60__ monthly installments of __$290.93__ each, consisting of principal and interest, commencing on Apr 10, 2025 ___, and continuing on the same day of each successive month thereafter until the final payment date of __Mar 10, 2030__, which is the maturity date of this Note. If the payment due date typically is on the 29th, 30th, or 31st of the month, but a month does not have a 29th, 30th, or 31st day, then the monthly payment will be due on the last day of the month in which the payment was due unless otherwise notified in writing. The final payment will consist of the then-remaining principal, unpaid accrued interest and other charges due under this Note. All payments will be applied first to any unpaid fees incurred as a result of failed automated payments or returned bank drafts or checks, as provided in Section 4 below; then to any late charges then due; then to any interest then due; and then to principal. Although the principal amount of my loan includes the origination fee, no unpaid interest or other charges will be added to principal.

3.      **Interest.** Periodic interest will be charged on unpaid principal until the full amount of principal has been paid. Interest under this Note will accrue on a daily basis on the unpaid principal balance (including my origination fee) set forth above. Because of the accrual of interest on any late payments and the effect of rounding, my final payment may be more (or less) than my regular payment. I acknowledge that if I make my payments after the scheduled due date, this Note will not amortize as originally scheduled, which may result in a substantially higher final payment amount. The interest rate I will pay will be the rate I will pay both before and after any default unless and until my loan is charged off.

924920.3

The Authoritative Copy of this record is held at na2.docusign

Ex. 2 pg-5

4.    **Fees.** I agree to pay the following fees to the extent permitted by applicable law:

|  | Fee | Frequency | Description |
|---|---|---|---|
| Origination Fee | 9.719% of the Loan Amount | One time | This is a one-time fee and is non-refundable. You will deduct from the loan proceeds before they are delivered to me. |
| Late Payment Fee | The greater of 5% of past due amount or $15. | Per occurrence | If I do not pay you the full amount of any monthly payment within 10 calendar days of its due date, you may charge me a late fee. Any payment received after 3:00 PM Pacific time on a business day is deemed received on the next business day. |
| ACH Return or Check Refund Fee | $15 | Per occurrence | If Automated Clearing House ("ACH") transfers or checks are rejected or returned for any reason, or fail due to insufficient funds in my bank account, then you may charge this fee. Each attempt to collect a payment is considered a separate transaction, so an ACH return or check refund fee will be assessed for each failed attempt. |

I authorize you to collect these fees using ACH transfers initiated by you from my designated bank account if I have chosen this method of payment (see Section 6). Any fees you assess are immediately due. I acknowledge and agree that the origination fee is part of my loan principal.

Members of the Armed Forces: Federal law provides important protection to members of the Armed Forces and their dependents relating to the extension of consumer credit. In general, the cost of consumer credit to a member of the Armed Forces and his or her dependent may not exceed an annual percentage rate of 36 percent. This rate must include, as applicable to the credit transaction or account: The costs associated with credit insurance premiums; fees for ancillary products sold in connection with the credit transaction; any

2

The Authoritative Copy of this record is held at na2.docusign

Ex. 2 pg. 6

application fee charged (other than certain application fees for specified credit transactions or accounts); and any participation fee charged (other than certain participation fees for a credit card account).

5.      **Proceeds.** I agree that the proceeds of my loan will be paid via an electronic fund transfer into the deposit account I have identified in my loan application, or in such other manner as you determine. I acknowledgement that the timeliness of crediting proceeds to this account is dependent on the accuracy of the information I provide, when I complete all origination activities, and prompt crediting by the financial institution that holds my account. You are not responsible for the actions of the financial institution that holds my account.

6.      **Method of Payment.** I agree to pay the principal, periodic interest and any fees on this Note when due. You have given me the choice of making my monthly payments by (i) an ACH or other electronic fund transfer from my bank account that I have authorized to automatically recur, (ii) by an ACH transfer initiated by me each month, or (ii) personal check by regular mail to Upstart Loan Operations, P.O. Box 1503, San Carlos, CA 94070 or any subsequent creditor that I am notified of. If I have completed an ACH bank transfer authorization, then you will automatically transfer my first payment in the amount specified in the authorization from my bank account, unless I cancel or modify this payment at least 3 business days before its scheduled date by contacting you, as described in Section 14, or your bank. If my ACH bank transfers are rejected or returned for any reason, I understand and agree that you may try to debit my account two more times. I also agree you may apply the ACH return/check refund fee described in Section 4, subject to applicable law, each time an ACH transfer is returned or rejected. I acknowledge that my financial institution may also charge a fee in addition to your fee and you are not responsible for any such fees. All written communications concerning disputed amounts, including any check or other payment instrument that (i) is postdated and accompanied by adequate notice, (ii) indicates that the payment constitutes "payment in full" of the amount owed, (iii) is tendered with other conditions or limitations or (iv) is otherwise tendered as full satisfaction of a disputed amount, must be marked for special handling and mailed or delivered to us at Upstart Loan Operations, P.O. Box 1503, San Carlos, CA 94070.

7.      **Waiver of Defenses.**      Except as otherwise provided in this Note or as required by applicable law, you are not responsible or liable to me for the quality, safety, legality or any other aspect of any property or services purchased with the proceeds of my loan. If I have a dispute with any person from whom I have purchased such property or services, I agree to settle the dispute directly with that person. Notwithstanding the foregoing, this section shall not apply if I am a "covered borrower" under the Military Lending Act, 10 U.S.C § 987 and this section would waive a right to legal recourse that I have under federal, state, or other applicable law.

8.      **Certification.** Unless I have certified to you otherwise, I agree that the proceeds of my loan will not be applied (i) in whole or in part to postsecondary educational expenses (i.e., tuition, fees, required equipment or supplies, room and board, or other miscellaneous personal expenses incurred while I am studying) at a college/university/vocational school, as the term "postsecondary educational expenses" is defined in Regulation Z, 12 C.F.R. § 1026.46 (b)(3), or (ii) for any home purchase or refinance.

9.      **Default and Remedies.** Subject to the limitations of applicable state law and any right to notice and to cure under applicable state law, I will be deemed in default (each, an "Event of Default") of my obligations under this Note if I: (i) fail to pay timely any amount due under this Note; (ii) file or have instituted against me any bankruptcy or insolvency proceedings or make any assignment for the benefit of creditors; (iii) die; (iv) commit fraud or make any material misrepresentation in this Note or in my loan application; or (v) fail to abide by the terms of this Note. Upon the occurrence of an Event of Default, you may exercise all remedies available to you under applicable law, including demand that I immediately pay all amounts due under this Note. You reserve the right to report loan payment delinquencies of 30 days or longer to one or more

3

The Authoritative Copy of this record is held at na2.docusign

Ex. 2 pg. 7

consumer reporting agencies in accordance with applicable law. I acknowledge these may be reflected in my credit report. I agree to pay all costs of collecting any delinquent payments, including reasonable attorneys' fees, to the greatest extent not prohibited by applicable law.

10.    **Prepayments; Partial Payments; Forbearance.**  I may prepay this Note in full or in part at any time without penalty.  Any partial prepayment is to be applied against outstanding principal and does not postpone the due date of any subsequent monthly installments, unless you otherwise agree in writing. If I prepay this Note in part, I agree to continue to make regularly scheduled payments until all amounts due under this Note are paid. A partial pre-payment will not result in the refund of any origination fee amount.

Further, I understand I may request forbearance in accordance with your reasonable procedures and requirements, and the decision to grant my request for forbearance shall be solely at your discretion. During any period of forbearance, my regularly scheduled payments of principal and interest on my loan may be deferred to the extent permitted by applicable law. Except as described above, I understand that I will remain responsible for all interest accruing during any period of forbearance. I understand that any periods of forbearance may increase my monthly payments during my loan term or, in limited cases, may extend my repayment period unless prohibited by applicable law.

11.    **Waivers.**    Even if, at a time when I am in default, you do not require me to pay immediately in full, you will still have the right to do so if I am in default at a later time.  Neither your failure to exercise any of your rights, nor your delay in enforcing or exercising any of your rights, will waive those rights.  Furthermore, if you waive any right under this Note on one occasion, that waiver will not operate as a waiver as to any other occasion. Subject to applicable laws, unless I am a "covered borrower" under the Military Lending Act, 10 U.S.C § 987,  I waive presentment, notice of dishonor, protest and all other demands and notices in connection with the delivery, acceptance, performance or enforcement of this Note.

12.    **Assignment.**  I am not allowed to assign any of my obligations under this Note without your written permission.  I understand that you do not have to give me permission.  I agree that you may assign or transfer this Note or any of your rights to another person or entity. You may take these actions without notice or consent from me.  Any sale or transfer of my Note does not affect my rights and duties under this Note.

13.    **Registration.**  You and I appoint Upstart Network, Inc., ("Upstart") to act as a non-fiduciary agent. Upstart will keep at its offices an electronic register of any transfer, assignment or sale of this Note (the "Register").  The names and address of any person entitled to payments on my Note will be recorded in the Register.  Any assignment, participation or transfer of this Note or any of its rights shall be registered in the Register and only if Upstart receives a signed assignment or similar agreement in a reasonably acceptable. You and I agree that beneficial ownership of all payments under my Note as reflected in the Register will be conclusive. Upstart will give me notice of a change in ownership of my Note reflected in the Register if required by law. Upstart will also give me notice if I pay by check and the transfer changes the address to which I must make payments. The name of the owner in the Register shall be available to me upon written request to Upstart.  This Section is intended to result in this Note being maintained at all times in "registered form" as defined by U.S. Treasury Regulations Section 1.871-14(c) and Sections 163(f), 871(h) and 881(c) of the Internal Revenue Code of 1986, as amended, and will be interpreted and applied in a way that is consistent with these laws.

14.    **Electronic Communications; Notices; Contacting You.**  When I applied for a loan from you, I expressly agreed to receive electronically all communications, agreements, documents, notices and disclosures (collectively, "Communications") that you provide in connection with this Note and Upstart's servicing of my payment obligations under this Note.  All Communications given to me by email to my registered email address or posted on www.upstart.com is deemed to have been duly given and effective upon transmission or

4

The Authoritative Copy of this record is held at na2.docusign

*Ex. 2 pg. 8*

when they were posted.  I agree that you (including any other owner or servicer of my loan) may contact me for any lawful reason, including for the collection of amounts owed to you.  No such contact will be deemed unsolicited.  You may contact me at such addresses or numbers (including cell phone numbers and landlines) as I may provide to you from time to time and you may use any means of communication, including regular mail, electronic mail, telephone, text message or other technology, to reach me.  I agree that you may use automatic dialing and announcing devices which may play recorded messages.  I represent that I have the authority to provide this consent because I am either the subscriber of the telephone number(s) or the customary user of each of the telephone numbers that I have provided to you who has the authority to provide consent.  I also provide this consent to any agent, service provider, vendor, or collection agency acting on your behalf.  I may contact you at any time to ask that you not contact me using any one or more methods or technologies.  I acknowledge that communications from you may contain sensitive, confidential, and collections-related communications.  If my information changes, such as my email address, my mailing address or my telephone number, I agree to notify you promptly of the change.

I can contact you by logging into www.upstart.com.  I may contact you by emailing support@upstart.com, by calling (650)-204-1000 during your operating hours 6:00 AM Pacific time to 5:00 PM Pacific time, each Monday through Friday that are business days, or by writing via regular mail care of  Upstart Loan Operations, P.O. Box 1503, San Carlos, CA 94070.

**15.**     **Credit Inquiries, Loan Information; Inaccurate Information.**  I authorize you to obtain a credit report on me for any legal purpose in connection with this Note, including any update, extension of credit, review, or collection of this loan.  If I request, you will tell me whether any credit report was requested, and if so, the name and address of the credit bureau furnishing the report.  If I believe that you have information about me that is inaccurate or that you have reported or may report inaccurate information about me to a credit bureau, I will notify you of the specific information that I believe is inaccurate by writing to you care of Upstart Loan Operations, P.O. Box 1503, San Carlos, CA 94070.  In doing so, I will identify the inaccurate information and tell you why I believe it is incorrect.  If I have a copy of the credit report that includes the inaccurate information, I will send a copy of that report to you as well.

**16.**     **Governing Law; Misc.**  I understand and agree that CRB is an FDIC-insured institution located in New Jersey. Consequently, the provisions of this Note will be governed by federal law and (to the extent not preempted by federal law) the laws of the State of New Jersey, without regard to conflict of law rules, except as noted above. However, if I am a resident of Colorado when I sign this Note, then the provisions of this Note will be governed by federal law and (to the extent not preempted by federal law, including with respect to the terms of this Note relating to interest) the laws of the State of Colorado without regard to conflict of law rules, except as noted above.  Without limiting the foregoing, all terms of this Note relating to interest, as that term is defined under applicable federal law, including but not limited to origination fees, periodic interest, late fees and returned check fees, shall be governed by 12 U.S.C. § 1831d and the laws of the State of New Jersey. Section 17 (Arbitration Agreement) is governed by the Federal Arbitration Act, and not by any state law concerning arbitration. If any provision of this Note cannot be enforced, the rest of the provisions of this Note will stay in effect. No amendment of this Note will be valid unless in writing and signed by both you and me. This Note represents the entire agreement between you and me regarding my loan.

**17.**     **Complaints; Disputes; Arbitration.**

**NOTICE: IF I AM A COVERED BORROWER UNDER THE MILITARY LENDING ACT, 10 U.S.C. § 987, THE FOLLOWING ARBITRATION PROVISION DOES NOT APPLY TO ME.**

        **A.**        *Governing Law.* I acknowledge agree that the Note involves interstate commerce and that this arbitration clause will be construed, applied and governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq.,

The Authoritative Copy of this record is held at na2.docusign

*Ex. 2 pg. 9*

("FAA"), as amended.  The Arbitrator (defined below) shall apply applicable law and applicable statutes of limitation consistent with the FAA and shall honor claims of privilege recognized at law.

      **B.**    *Dispute:* "Dispute" means any action, dispute, claim, or controversy of any kind arising out of, in connection with or in any way related, even indirectly, to the Note or the extension of credit set forth in the Note.  For example, "Dispute" includes claims related to: any relationship resulting from, or activities connected to this Note; my application; information I have provided to you; information and disclosures you have provided to me; any prior agreements between you and me; extensions; renewals; refinancings; payment plans; underwriting; servicing; collections; privacy; and customer information.  The term "Dispute" also includes: claims under federal or state consumer protection laws; claims in tort or contract; claims under statutes or common law; claims at law or in equity; other past, present or future claims, counterclaims, cross-claims, third party claims, interpleaders or otherwise; and any claim relating to the interpretation, applicability, enforceability or formation of this arbitration clause, including, any claim that all or any part of this arbitration clause, except paragraph G below, is void, voidable or unconscionable.

      **C.**    *Mandatory Arbitration*:  Unless otherwise stated in this arbitration clause, any "Dispute" between the Parties shall, at your or my election or the election of any of our respective heirs, successors, assignees or related third parties, including Upstart, any other subsequent holder of my Note, and their affiliates, subsidiaries, and parents, (the "Parties"), be resolved by a neutral, binding arbitration, and not by a court of law. This procedure includes any Dispute over the interpretation, scope, or validity of this Note, this arbitration clause or the arbitrability of any issue, with the sole exception of the Parties' waiver of any right to bring a class action or to participate in a class action as provided for under paragraph G below shall be solely determined by the appropriate court, if necessary. This arbitration clause applies to the Parties, including their respective employees or agents, as to all matters which arise out of or relate to this Note or are in any way connected with the extension of credit set forth in this Note, or any resulting transaction or relationship.

      **D.**    *Facts About Arbitration*:  In arbitration, a neutral third party ("Arbitrator") resolves Disputes, instead of a judge or jury.  I, with you, waive the right to go to court. The Arbitrator will conduct a hearing, which is private and less formal than a court trial. Each side will have the opportunity to present some evidence to the Arbitrator.  The Arbitrator may limit the Parties' ability to conduct fact-finding prior to the hearing, called "discovery."  Other rights that the Parties might have in court might not be available in arbitration.  Following the hearing, the Arbitrator will issue an award.  The Arbitrator's decision is final, and a court may then enforce the award like a court judgment.  Courts rarely overturn an Arbitrator's award.

      **E.**    *Pre-Arbitration Resolution*:  Prior to starting arbitration, I can call you at (650) 204-1000 or write to you at Upstart Loan Operations, P.O. Box 1503, San Carlos, CA 94070 to attempt to resolve the Dispute. We will try to resolve the Dispute. If you make a written offer ("Settlement Offer"), I may reject it and arbitrate. If we do not resolve the Dispute, either party may start arbitration. No party will disclose settlement proposals, including a Settlement Offer, to the Arbitrator.

      **F.**    *Rules and Procedures*:  Either party may start arbitration by mailing a notice of arbitration, even if a lawsuit has been filed. Such notice shall be given by certified mail, return receipt requested. Notice to me shall be sent to the email address I provided to you in my loan application, as updated. Notice to you, your assignees or related third parties shall be sent to Upstart Loan Operations, P.O. Box 1503, San Carlos, CA 94070. The Party initiating the arbitration shall set forth in the notice the nature and factual basis of the Dispute, the names and addresses of all other Parties, the amount involved, and the specific relief requested. The responding Party must mail a response within 45 days, and may also set forth any counter-Disputes. The American Arbitration Association ("AAA") shall conduct any arbitration according to this arbitration clause. The AAA arbitration rules in effect when the claim is filed apply ("AAA Rules"), except where those rules conflict with this Arbitration Clause or any of our agreements with you. I can get copies of the AAA Rules at the AAA's website (www.adr.org) or by calling 800-778-7879. You or I may choose to have a hearing, appear at any hearing by phone or other electronic means, and/or be represented by counsel.

The Authoritative Copy of this record is held at na2.docusign

Ex. 2 pg. 10

**G.**    *Class Action Waiver*:  The Parties agree to give up any right they may have to bring a class action lawsuit or class arbitration, or to participate in either as a claimant. The Parties agree to give up any right to consolidate or join any arbitration proceeding with the arbitration of others. The Parties give up the right to serve as a private attorney general in any jurisdiction in which such procedure might be permitted. To the extent the Parties are permitted to file small claims under Paragraph K below, the Parties agree that any small claim may only be brought on an individual basis and that no small claim may be brought on a class or representative basis. The Parties further agree that if a court or arbitrator decides this Paragraph G is void or unenforceable, this arbitration clause shall be void and without effect.

**H.**    *Fees and Costs:*  If I request, you shall advance all of the Arbitrator's fees and expenses, as well as all administrative and filing fees, up to an amount of $1000. The Parties shall be responsible for their own attorneys' fees associated with any arbitration, unless otherwise allowed for under applicable substantive law and awarded by the Arbitrator. If the Arbitrator awards me funds, I will not have to reimburse any arbitration fees and expenses you have advanced. If the Arbitrator does not award me funds, I agree to reimburse you for any arbitration fees and expenses you have advanced. Any such reimbursement shall not exceed the filings fees and costs I would have incurred had I filed a lawsuit in court.

**I.**    *Exceptions:*    The Parties agree that this arbitration clause is not applicable to "small claims" meaning those claims that either Party is entitled to file and maintain in an appropriate small claims court or any action where the total amount in controversy is no greater than $10,000, including any claims for attorney's fees and non-monetary relief.  The Parties agree that any small claim may only be brought on an individual basis and that no small claim may be brought on a class or representative basis. The Parties agree that any appeal from a judgment obtained pursuant to this paragraph shall be appealable only by arbitration according to the procedures set forth in this arbitration clause.

**J.**    *Severability:*    If it is determined that any paragraph or provision in this arbitration clause is illegal, invalid, or unenforceable, such illegality, invalidity or unenforceability shall not affect the other paragraphs and provisions of this arbitration clause. The remainder of this arbitration clause shall continue in full force and effect as if the severed paragraph or provision had not been included. Notwithstanding this severability provision, if a court of competent jurisdiction determines paragraph G to be void, illegal, invalid, or unenforceable, the Parties agree that paragraph G above shall not be severed and that this arbitration clause shall be void in its entirety.

**K.**    *Right to Opt Out:*    If I do not want this arbitration clause to apply, I may reject it by mailing a written notice to you that lists my name, address and account number and states that I am opting out of the arbitration clause. An opt out notice is only effective if it is signed by me, and the envelope that the opt out notice is sent in is postmarked no more than 30 calendar days after the date I sign this Note. If I opt out of this arbitration clause, it will not affect any other provisions of the Note or my obligations under the Note. If I do not properly opt out as set forth above, it will be effective as of the date of the Note.  If I opt out of this arbitration clause, such election shall apply only to this Note, and not to any other past, present or future agreements I have with you.

**FOR ALL DISPUTES COVERED BY THIS PROVISION, THE PARTIES HAVE AGREED TO WAIVE THEIR RIGHT TO A TRIAL BY JURY, THEIR RIGHT TO PARTICIPATE IN CLASS ACTIONS OR CLASS ARBITRATIONS, AND THEIR RIGHT TO SEEK PUNITIVE AND/OR EXEMPLARY DAMAGES. EXCEPT FOR DISPUTES AND CLAIMS NOT SUBJECT TO THIS PROVISION, ARBITRATION SHALL BE IN PLACE OF ANY CIVIL LITIGATION IN ANY COURT AND IN PLACE OF ANY TRIAL BY JURY.**

**THE TERMS OF THIS PROVISION AFFECT MY LEGAL RIGHTS. IF I DO NOT UNDERSTAND ANY TERMS OF THIS PROVISION OR THE COST, ADVANTAGES OR DISADVANTAGES OF ARBITRATION, I UNDERSTAND I SHOULD SEEK INDEPENDENT ADVICE BEFORE SIGNING THIS NOTE. BY SIGNING THIS NOTE, I ACKNOWLEDGE THAT I HAVE READ, UNDERSTAND**

7

The Authoritative Copy of this record is held at na2.docusign

*Ex. 2 pg. 11*

AND AGREE TO BE BOUND BY EACH OF THE PROVISIONS, COVENANTS AND STIPULATIONS SET FORTH ABOVE.

**18.    NO WARRANTIES; LIMITATION ON LIABILITY.** EXCEPT AS EXPRESSLY SET FORTH IN THIS NOTE, I UNDERSTAND YOU HAVE MADE NO REPRESENTATIONS OR WARRANTIES TO ME, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. IN NO EVENT WILL YOU BE LIABLE TO ME FOR ANY LOST PROFITS OR SPECIAL, EXEMPLARY, CONSEQUENTIAL OR PUNITIVE DAMAGES, EVEN IF I INFORM YOU OF THE POSSIBILITY OF SUCH DAMAGES. FURTHERMORE, I UNDERSTAND YOU MAKE NO REPRESENTATION OR WARRANTY TO ME REGARDING THE EFFECT THAT THE NOTE MAY HAVE UPON YOUR FOREIGN, FEDERAL, STATE OR LOCAL TAX LIABILITY.

**19.    Entire Agreement.** The Upstart® application, and loan disclosures are incorporated into this Note by reference. This Note represents the entire agreement between CRB and me.

**20.    Miscellaneous.** To the greatest extent not prohibited by applicable law, I am liable to you for your legal costs if you refer collection of my loan to a lawyer who is not your salaried employee. These costs may include reasonable attorneys' fees as well as costs and expenses of any legal action. If a law that applies to my loan and sets maximum loan charges is finally interpreted so that the interest or other loan charges collected or to be collected in connection with my loan exceed the permitted limits then: (a) any such loan charge will be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. You may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. No provision of this Note may be modified or limited except by a written agreement signed by both you and me. The unenforceability of any provision of this Note will not affect the enforceability or validity of any other provision of this Note.

**21.    Covered Military Borrowers.** If I am a "covered borrower," as defined under F.R. § 232.3(g)(1) the Military Lending Act, 10 U.S.C. § 987, as amended, I agree that (i) the provisions of Paragraph 15 (Disputes; Arbitration), (ii) any waiver of right to legal recourse under any state or federal law (including but not limited to the waiver of defenses under Section 7 and the waiver of presentment, notice of dishonor, protest and all other demands and notices otherwise applicable under Section 11), and (iii) any other provision in this Note that is not enforceable against me under the Military Lending Act, do not apply to me.

**22.    State Law Notices.** Each of the following notices apply only to the residents of the states indicated. For purposes of this section only, "you" means the borrower and "us," "we," or "our" means Cross River Bank.

For California residents:  As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

For Iowa residents:  **NOTICE TO CONSUMER:  1. Do not sign this paper before you read it.  2. You are entitled to a copy of this paper.  3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.**

Iowa Residents only (on Loans in amounts greater than $20,000):  **IMPORTANT: READ BEFORE SIGNING. THE TERMS OF THIS AGREEMENT SHOULD BE READ CAREFULLY BECAUSE ONLY THOSE TERMS IN WRITING ARE ENFORCEABLE. NO OTHER TERMS OR ORAL PROMISES NOT CONTAINED IN THIS WRITTEN CONTRACT MAY BE LEGALLY ENFORCED. YOU OR I MAY CHANGE THE TERMS OF THIS AGREEMENT ONLY BY ANOTHER WRITTEN**

The Authoritative Copy of this record is held at na2.docusign

Ex. 2 pg-12

**AGREEMENT.**

For Kansas residents:  **NOTICE TO CONSUMER: 1. Do not sign this agreement before you read it. 2. You are entitled to a copy of this agreement.  3. You may prepay the unpaid balance at any time without penalty.**

For Missouri residents:  **Oral or unexecuted agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable.  To protect you (borrower(s)) and us (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.**

For Nebraska residents:  A credit agreement must be in writing to be enforceable under Nebraska law.  To protect you and us from any misunderstandings or disappointments, any contract, promise, undertaking, or offer to forebear repayment of money or to make any other financial accommodation in connection with this loan of money or grant or extension of credit, or any amendment of, cancellation of, waiver of, or substitution for any or all of the terms or provisions of any instrument or document executed in connection with this loan of money or grant or extension of credit, must be in writing to be effective.

For New Hampshire residents: -This Loan Agreement provides for reasonable attorneys' fees to be awarded to us in an action against you involving this Loan Agreement.  Reasonable attorney's fees will be awarded to you if you prevail in any action, suit or proceeding brought by us; or an action brought by you.  If you successfully assert a partial defense or set-off, recoupment or counterclaim to an action brought by us the court may withhold from us the entire amount or such portion of the attorney fees as the court considers equitable.

For New Jersey residents:  The section headings of the Note are a table of contents and not contract terms.  Because certain provisions of this Agreement are subject to applicable law, they may be void, unenforceable or inapplicable in some jurisdictions.  None of these provisions, however, is void, unenforceable or inapplicable in New Jersey.

For Utah residents:  As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. This written agreement is a final expression of the agreement between you and us and the written agreement may not be contradicted by evidence of any alleged oral agreement.

If you have certified that you will use the loan proceeds for post-secondary education expenses (as defined in 12 C.F.R. § 1026.46 (b)(3)) the following notices apply:

For Maine residents:  You represent that you are at least 18 years of age and enrolled at least half time in an institution of higher education.  You will notify us if you are no longer enrolled at least half time at an institution of higher education

For Nevada residents:  This loan is for study.

*       *       *

9

The Authoritative Copy of this record is held at na2.docusign

*Ex.2 pg.12*

By signing this Note electronically, I acknowledge that I (i) have read and understand all terms and conditions of this Note, (ii) agree to the terms set forth herein, and (iii) acknowledge receipt of a completely filled-in copy of this Note. I understand this Note is executed in, and loan proceeds are distributed from, New Jersey.

CAUTION – IT IS IMPORTANT THAT YOU READ THROUGH THE CONTRACT BEFORE YOU SIGN IT.

NOTICE TO CUSTOMER: (1) DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES. (2) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. (3) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT.

Date: 3/9/2025

By:  25939094
(Signed Electronically)

Florida documentary stamp tax required by law will be paid to the Florida Department of Revenue. The Certificate of Registration number is 78-8018640884-2.

Last Updated: April 10, 2024

The Authoritative Copy of this record is held at na2.docusign

# Approval Disclosure

Ex. 2 pg 13

3/9/2025                                                        LOAN ID: L5098841

**BORROWER:**                                                  **CREDITOR:**

Israel Zickafoose                                              Cross River Bank
                                                               2115 Linwood Ave
                                                               Fort Lee, NJ 07024

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 29.82% | $8,452.51 | $9,028.10 | $17,480.61 |

## Your Payment Schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 59 | $290.93 | Monthly Beginning Apr 10, 2025 |
| 1 | $315.74 | Mar 10, 2030 |

**Late charge:**

If a payment is late, you may be charged 5% of the past due amount or $15, whichever is greater.

**Prepayment:**

If you pay off early, you will not have to pay a penalty.

You may be entitled to a refund of part of the finance charge.

See your Promissory Note for additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties.

---

## Itemization of $9,028.10 Amount Financed

Amount paid to you: $9,028.10

Prepaid Finance Charge (Origination Fee): $971.90

---

PL - 20240415

COPY VIEW

The Authorizing Copy of this record is held at na2.docusign

*Ex. 2 pg. 14*

Principal Amount: $10,000

Active duty military service members and their families may call 1-833-568-7177 for a full statement of additional protections under Federal law.

By: _____
Signed by:
Israel Zekafoone
(Signed Electronically)

Date: 3/9/2025

COPY VIEW

PL - 20240110

P.O. Box 1503
San Carlos, CA 94070
(855) 451-6753
servicing@upstart.com

Ex. 2 pg. 15

### Payments Received

| Rows | Columns | | | | |
|------|---------|--|--|--|--|
|      | Values  |  |  |  |  |

| Loan ID | L5098841 |
|---------|----------|
| Current Payment Preference | Check |
| Principal paid | $0.00 |
| Interest paid | $0.00 |

Hi Israel,

We're writing to inform you that there has been a recent change to your check payment instructions for your Upstart loan.

Effective immediately, please make your check payments payable to UP Oberon Trust. Below is the new mailing address for your checks:

UP Oberon Trust
PO BOX 848098
LOS ANGELES, California 90084-8098

Please include your loan ID (L5098841) on the memo field to ensure accurate and timely credit to your account. Please note you also have the option of setting up recurring payments by logging into your account and selecting "Add Recurring" to update your payment preference. Alternatively, you may also contact us at the information below to assist you with scheduling a payment.

If you have any concerns about this information, you can reach us at servicing@upstart.com or (855) 451-6753.

Thank you,

Upstart® Loans Operations*
* UP Oberon Trust is the current creditor for your Upstart® loan



**Upstart**
UPSTART
P.O. BOX 1503
SAN CARLOS, CA 94070

*Ex. 3 pg-2*

Loan ID:
L5098841

ISRAEL ZICKAFOOSE
111 ASHBROOK DR
BRANDON, FL 33511-7108

Current Creditor:
UP Oberon Trust[1]

April 27, 2025

Hi Israel Zickafoose,

As provided in your loan agreement, a late fee of $15.00 has been assessed on your account. Your outstanding balance is $305.93, which includes unpaid monthly payment(s) and all associated fee(s).

Your loan account status is scheduled to be reported to a national credit agency on May 10, 2025.

If you have any concerns about this information, you can reach us at servicing@upstart.com or (855) 451-6753.


Thank you,
Upstart® Loan Operations*
* UP Oberon Trust is the current creditor for your Upstart loan

---

[1] *This loan was purchased from Cross River Bank, the original creditor*

Upstart® Loan Operations

📞 (855) 451-6753  |  ✉ servicing@upstart.com  |  🌐 https://www.upstart.com

🕐 **Monday - Friday:** 5 am to 6 pm  |  **Saturday - Sunday:** 7 am to 3:30 pm *(Pacific Time)*

This communication is Confidential; to be read by addressee only.

**Upstart**

UPSTART
PO BOX 1503
SAN CARLOS, CA 94070-7503

Ex. 3 pg. 3

Loan ID:
L5098841

Current Creditor:
Wilmington Savings Fund Society, FSB, as trustee
of Upstart Loan Trust 2[1]

Last Day for Payment:
August 8, 2025

Total past due amount:
$1208.72

ISRAEL ZICKAFOOSE
111 ASHBROOK DR
BRANDON, FL 33511-7108

July 12, 2025

## NOTICE OF DEFAULT AND RIGHT TO CURE

Hello Israel,

You are late in making your payment(s), and have defaulted under the terms of your Upstart promissory note. Your default consists of non-payment of the monthly loan amount of $290.93 and late fees associated with this non-payment. If you pay the $1208.72 by August 8, 2025, you may continue with the promissory note and your account will be brought to current status.

If payment is not received by August 8, 2025, we reserve the right to accelerate the loan. The entire loan, including unpaid principal, accrued interest, and fees will be immediately due, per your Upstart promissory note.

If you make a payment to bring your account current by the specified date of August 8, 2025, but that payment is later returned, reversed, or otherwise fails (e.g., due to insufficient funds or a canceled transaction), we reserve the right to accelerate the loan immediately as outlined in the terms of your Upstart loan promissory note.

If you have questions, write or call us promptly at servicing@upstart.com or (855) 451-6753.

Thank you,
Upstart® Loan Operations*
* Wilmington Savings Fund Society, FSB, as trustee of Upstart Loan Trust 2 is the current creditor for your Upstart loan

---

[1] This loan was purchased from Wilmington Savings Fund Society, FSB, as trustee of Upstart Loan Trust 2, the original creditor

Upstart

📞 (855) 451-6753  |  ✉ servicing@upstart.com  |  🌐 www.upstart.com
🕐 Monday - Friday: 5:00 AM to 6:00 PM  |  Saturday - Sunday: 7:00 AM to 3:30 PM *Pacific Time*

This communication is Confidential: to be read by addressee only.

Ex. 3 pg. 4

Israel Malachi Zickafoos
% 111 Ashbrook Drive
Brandon, Florida [33511]

5/3/2025

TO:
UpStart Operations Dep
PO Box 1503
San Carlos, CA 94070

UP Oberon Trust
PO Box 848098
Los Angeles, CA 90084

---

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

UPStart Operations Dept.
PO Box 1503
San Carlos CA 94070

9590 9402 7015 1225 3857 73

2. Article Number *(Transfer from service label)*

9589 0710 5270 2805 8319 30

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☒ Agent
                                     ☐ Address
B. Received by *(Printed Name)*      C. Date of Deliv
                                     5/12/25
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ed Mail
☐ ed Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restri
   Delivery
☐ Signature Confirmatio
☐ Signature Confirmatio
   Restricted Delivery

Domestic Return Recei

---

## RE: NOTICE OF INTENT TO SUE FOR VIOLATIONS OF FDCPA, FCRA, AND UCC

To UpStart Operations and UP Oberon Trust:
This letter serves as your formal **Notice of Intent to Sue** for your willful and unlawful violations of the **Fair Debt Collection Practices Act** (FDCPA), **15 U.S. Code § 1692g(b)**; the **Fair Credit Reporting Act (FCRA), 15 U.S. Code § 1681s-2**; and relevant provisions of the **Uniform Commercial Code (UCC)**, specifically **§ 3-415** and **3-419**.

On or about 3/18/2025 and 5/3/2025, I received contact via email from your agency regarding an alleged debt related to a loan I previously signed. Within the 30-day window permitted by the FDCPA, I lawfully disputed the debt in writing and requested full validation under 15 U.S. Code § 1692g(b). Additionally, I notified you to cease all collection activity until the debt was properly validated, to which you confirmed.

You have since failed to provide any adequate validation, yet you have proceeded to:

- Apply a late fee to the account,
- Threaten to or actually report the unvalidated debt to one or more credit reporting agencies,
- Continue attempting collection in direct violation of federal law, by stating my current "outstanding balance".

To be clear: **This is illegal.**
Under the FDCPA, once a debt is disputed, collection must stop until proper validation is provided. Reporting an unvalidated, disputed debt to any credit bureau is also a violation of the FCRA, as it constitutes furnishing false or incomplete information to consumer reporting agencies.
Furthermore, the original contract for the alleged debt was indorsed **"WITHOUT RECOURSE"**, clearly eliminating my liability under UCC § 3-415(b). You accepted and processed the instrument without dispute, making any attempt to collect from me a fraudulent and unenforceable action under contract and commercial law.

## DEMAND FOR REMEDY

*Ex. 3 pg. 5*

Accordingly, I hereby demand the following within **10 calendar days** of receipt of this letter:

- **Immediate** removal of the alleged debt from my record with Experian, Equifax, and TransUnion;
- Written confirmation that this debt will no longer be pursued;
- Written documentation fully validating the debt per 15 U.S. Code § 1692g(b) and everything else mentioned in the debt validation letter already received by you, if you still claim it is valid, within the **30 day deadline** from before, which is **May 10**, as per your receipt of the initial debt validation letter on **April 10**;
- Payment of statutory damages in the amount of $1,000 pursuant to the FDCPA, for the contact via mail AFTER you have been cease and desisted;
- Removal of all late fees and cease of all collection activity on this account.

Failure to meet these demands within the stated timeframe will result in the immediate filing of a civil lawsuit in state or federal court, where I will seek:

- Full statutory and actual damages,
- Punitive damages,
- Court costs, and
- Injunctive relief against your company's unlawful practices.

This is not a bluff.

I do not tolerate the abuse of consumer protection laws, nor do I negotiate with entities who attempt to exploit the legal system to intimidate or extort consumers. Your actions have been unlawful, aggressive, and deceptive, and you now have **10 calendar days** to correct them or face formal litigation, with the pursuit of maximum damages allowed by federal law, applicable court costs, additional damages, and the Court's discretion. This includes a report on you forwarded to including but not limiting to; the **CFPB**, the **FTC**, and the **State Attorney General Consumer Protection Division**.

Sincerely,



ALL RIGHTS RESERVED
Israel Malachi Zickafoose

Enclosed:

- Delivery Proofs of
- Copy of initial Deb
- Copy of most rece

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

UP Oberon Trust
PO Box 848098
Los Angeles, CA 90084


9590 9402 7015 1225 3857 66

2. Article Number (Transfer from service label)

9589 0710 5270 2805 8319 47

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X MAY 1 4 2025    ☐ Agent    ☐ Addre

B. Received by (Printed Name)    C. Date of Del

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ured Mail
☐ ured Mail Restricted Delivery
☐ er $500)

☐ Priority Mail Express(
☐ Registered Mail™
☐ Registered Mail Restr Delivery
☐ Signature Confirmatic
☐ Signature Confirmatic Restricted Delivery

Domestic Return Recei

Bill scheduled for payment

## Upstart bill

*Ex, 4 pg.1*

# $290.93
# due on Apr 10

**Remind me**

Based on this email

Correct?

 **Upstart** Apr 3

to me ⌄

  ...

 **Upstart**

Hi Israel,

Your Upstart loan payment for L5098841 is due in 7 days on Apr 10.

| | |
|---|---|
| **Loan ID** | L5098841 |
| **Payment due date** | April 10, 2025 |
| **Monthly payment** | $290.93 |
| **Total outstanding principal** | $10,000 |

**Schedule your payment**

Thanks,

Upstart® Loan Operations*

* UP Oberon Trust is the current creditor for your Upstart® loan

 **Reply**     **Forward**

# Missed payment on your Upstart-partnered loan Inbox



 **Upstart** Apr 12

to me ⌄

*Ex. 4 pg. 2*

Unsubscribe •••

 **Upstart**

## Whoops! You Missed a Payment

Make your payment today!



↩ **Reply**    ↪ **Forward**

| Loan ID: | L5098841 |
| --- | --- |
| Total Balance: | $290.93 |
| Amount Past Due: | $290.93 |
| Payment Due Date: | 4/10/2025 |

Ex. 4 pg-3

**PAY ONLINE**

**PAY BY PHONE**

---

Hello Israel,

Your recent payment was due on 4/10/2025, but **our records do not show that a payment was received.**

Your grace period is ending soon, and your account may

  ← Reply    → Forward

Your recent payment was due on 4/10/2025, but **our records do not show that a payment was received.**

Ex. 4 pg-4

Your grace period is ending soon, and your account may be charged a late fee. Just log back in to quickly make your payment and get back on track.

To make your payment, or for more information on your account, head on over to your Upstart dashboard.

Best,

Upstart® Loan Operations*

*UP Oberon Trust is the current creditor for your Upstart loan

 Reply     Forward

# Thanks for notifying us  Inbox



Ex. 4 pg. 5

No Reply  Apr 14

to me ⌄

Hi Israel,

Thank you for speaking with us today. Your account has been updated to reflect your request to cease all future calls regarding your account. However, Upstart is legally required to provide automated emails regarding any privacy policy updates and other required notices. You will continue to receive these required notices even if you've opted out of email communications.

If you have any concerns about this information, or if this request has been received in error, you can reach us at servicing@upstart.com or (855) 451-6753.

We're available Monday to Friday between 6 AM - 6 PM Pacific Time and Saturday between 7 AM - 4 PM Pacific Time, except New Years Day, Thanksgiving Day, Christmas Eve, and Christmas Day.

Best regards,
Upstart® Loan Operations*
*UP Oberon Trust is the current creditor for your Upstart loan

| ↩ Reply | ↪ Forward | ☺ |
|---|---|---|

# Don't forget to make a payment on your Upstart loan

Inbox

*Ex. 4 pg-6*

 **Upstart** Apr 14    Unsubscribe    •••

to me ˅

 **Upstart**

## You're a Few Clicks Away from Getting Back on Track

Log in to make your past due payment



↩ **Reply**    ↪ **Forward**    ☺

Log in to your <u>Upstart</u> dashboard

to quickly access your account

and **get back on track.** Make

your payment today!

*Ex. 4 pg. 7*

Best,

Upstart® Loan Operations*

*UP Oberon Trust is the

current creditor for your

Upstart loan

i. *Please disregard this notice if a payment*

*has already been made or sent. Refer to your*

*dashboard for your current past due balance*

*(if applicable).*

ii. *This is an attempt to collect a debt and any*

*information obtained may be used for that*

*purpose.*

**Let us know if you need anything**

 Reply     Forward    ☺

# Missed loan payment on
# 4/10/2025 Inbox

*Ex. 4 pg-8*

Upstart  Apr 16

to me

Unsubscribe  •••



Upstart

Missed Loan Payment on 4/10/2025

Recurring payments are a great way to ensure you don't miss payment deadlines. **To turn on recurring payments today:**

**1**

Log in to the online portal and go to your account

**2**

**Select** "monthly recurring payment" or "bimonthly recurring payment" (depending on your preference)

**3**

**Select** the bank account, payment day, and recurring

**4**

**Save** your changes

 Reply     Forward    ☺

Ex. 4 pg. 9

Hello Israel,

**You missed your payment on 4/10/2025.** It's easy to forget. That's why there's a grace period! Unfortunately, your grace period is running out, so make your payment today to avoid a late fee.

The best way to avoid late payments is to set up **recurring payments**! Forget the hassle of maintaining calendars and spreadsheets to try and meet all your deadlines.



| Loan ID: | L5098841 |
|---|---|
| Total Balance: | $290.93 |
| Amount Past Due: | $290.93 |
| Payment Due Date: | 4/10/2025 |

PAY ONLINE

PAY BY PHONE

Sincerely,

Upstart® Loan Operations*

*UP Oberon Trust is the current creditor for your Upstart loan

i. *Please disregard this notice if a payment has already been made or sent.*

*Refer to your dashboard for your current past due balance (if applicable).*

ii. *This is an attempt to collect a debt and any information obtained may be*

 Reply

 Forward



# Act soon before you're charged a late fee Inbox

☆

**Upstart** Apr 18

to me ∨

*Ex. 4 pg. 10*

Unsubscribe  •••





Your Loan Payment is Overdue

Your grace period will run out soon and you will be charged a late fee

Hello Israel,

Your loan payment from 4/10/2025 is **still overdue.**

↩ Reply          ↪ Forward          ☺



# Alert: Your loan payment is overdue Inbox

*Ex- 4 pg. 11*

## Upstart Holdings bill

# $290.93 due on Apr 10

**Remind me**    **View bill**

Based on this email                    Correct? 👍 👎

Upstart  Apr 21

to me ⌄                                 Unsubscribe  •••

## ▲ Upstart

## Israel, Your Loan Payment is Late

↩ Reply    ↪ Forward    ☺

# Act soon before you're charged a late fee  Inbox

Ex. 4 pg. 12



**Upstart**  Apr 24

to me ⌄

Unsubscribe  •••



Hello Israel,

Your loan payment from

↩ Reply        ↪ Forward        ☺

# Important Upstart Late Fee Notice

**Inbox**



**Upstart** Apr 27

to me ⌄

Ex. 4 pg-13

Unsubscribe  •••



##  Upstart

Hello Israel,

Your account is past due. As provided in your loan agreement, a late fee of $15.00 has been assessed on your account. Your total past due on your account is $305.93, which includes unpaid monthly payment(s) and all associated fee(s).

Your loan account status will be reported to a national credit

↩ Reply          ↪ Forward

# Your loan payment is still overdue

Inbox

*Ex. 4 pg. 14*

## Upstart Holdings bill

# $305.93
# due on Apr 10

**Remind me**    **View bill**

Based on 2 emails ˅          Correct?

 Upstart  Apr 29          Unsubscribe  •••

to me ˅

 Upstart



↰ **Reply**          ↱ **Forward**

# Having difficulty making payments? Inbox

*Ex. 4 pg. 15*



Upstart® Loan Operations* bill

## $305.93
## due on Apr 10

**Remind me**     View bill

Based on 2 emails ⌄

Correct? 👍 👎

Upstart Apr 30

to me ⌄

Unsubscribe  •••



⌃ Upstart



## Let's Find a Solution That Works for You

↩ Reply     ↪ Forward     ☺

# Don't forget to make a payment
## on your Upstart loan  Inbox



Ex. 4 pg. 16

 **Upstart**  May 2

Unsubscribe   •••

to me ˅

 **⌃Upstart**

## You're a Few Clicks Away from Getting Back on Track

Log in to make your past due payment



 ↩ **Reply**        ↪ **Forward**

## Monthly payment reminder  Inbox

Bill scheduled for payment

Ex-4 pg.17

**Upstart bill**

# $290.93
# due on May 10

**Remind me**

Based on this email                Correct?  👍  👎

 Upstart  May 3
to me ˅

 **Upstart**

Hi Israel,

Your Upstart loan payment for L5098841 is due in 7 days on May 10.

| | |
|---|---|
| **Loan ID** | L5098841 |
| **Payment due date** | May 10, 2025 |
| **Monthly payment** | $290.93 |
| **Total outstanding principal** | $10,000 |

 Reply        ➔ Forward

# Staying behind will only make things worse Inbox



*Ex. 4 pg. 18*

 Upstart  May 4

to me ⌄

Unsubscribe  •••

 Upstart

## Late Payments are Stressful - You Can Lighten That Load

Make your overdue payment today to get

that weight off your chest



↩ **Reply**    ↪ **Forward**

# You're not alone - we're here to help Inbox

*Ex. 4 pg. 19*



Upstart  May 5

to me

Unsubscribe  •••



## Get in Touch - You've Got Options

Your loan payment from 4/10/2025 is still overdue

Hello Israel,

If you're having trouble

| ↩ Reply | ↪ Forward | ☺ |

[Urgent] Information about scheduled credit reporting for your Upstart® Loan account  Inbox

Ex. 4 pg. 20

Upstart® Loan bill

# 305.93
# due on May 10

**Remind me**

Based on this email

Correct?

 Upstart  May 6

to me ⌄

  



Hi Israel Zickafoose,

Payment for your Upstart® Loan L5098841 has

 Reply      Forward

# Having difficulty making payments? Inbox

Ex. 4 pg. 2



Upstart® Loan Operations* bill

## $305.93
## due on Apr 10

**Remind me**    **View bill**

Based on 2 emails ⌄          Correct?  👍  👎

**Upstart** May 7                    Unsubscribe    •••
to me ⌄

▲ Upstart

## Let's Find a Solution That Works for You

↩ Reply          ↪ Forward          ☺

Hi Israel Zickafoose,

*Ex. 4 pg. 22*

Payment for your Upstart® Loan L5098841 has not been received. Your current past due balance is $305.93, which includes all amounts currently owed inclusive of principal, interest, and fees (if applicable).

We may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report. Your loan account status is scheduled to be reported to a national credit agency on May 10, 2025.

If a payment on this account is not received by May 10, 2025, we may refer your account to collections agencies for collections. We may share your email address with the collections agencies, and the agencies may send you emails about your loan.

If you have any concerns about this information, you can reach us at servicing@upstart.com or by calling (855) 451-6753. Our phone support lines are open Monday to Friday between 5 AM and 6 PM Pacific Time, and Saturday to Sunday between 7 AM and 3:30 PM Pacific Time, except on Thanksgiving Day, Christmas Day, and New Year's Day, with limited hours on Christmas Eve and New Year's Eve.

Thanks,

Upstart® Loan Operations*

↩ Reply     ↪ Forward

# Staying behind will only make
# things worse  Inbox

*Ex. 4 pg. 23*

 **Upstart**  May 9

to me ∨

Unsubscribe   •••

 **Upstart**

## Late Payments are Stressful - You Can Lighten That Load

Make your overdue payment today to get

that weight off your chest



↩ Reply     ↪ Forward     ☺

## There Are a Few Ways to Get Back in Good Standing

*Ex. 4 pg. 24*

| Loan ID: | L5098841 |
|---|---|
| Total Balance: | $305.93 |
| Amount Past Due: | $290.93 |

Payment Due Date: 4/10/2025

**PAY ONLINE**

**PAY BY PHONE**

---

Hello Israel,

Your payment from 4/10/2025 is still past due. Here are 3 steps to getting back on track with your loan.



Reply

Forward





*Ex. 4 pg. 25*

**Make payments a priority**

Pay your past due $305.93 balance today

**2**

**Pay your late fee**

**3**

**Make your next payment**

due on 5/10/2025

 Reply     Forward   ☺

## Monthly payment reminder  Inbox

**Upstart bill**

*Ex-4 pg-26*

# $290.93
# due on Jun 10

**Remind me**

Based on this email                    Correct?

  **Upstart**  Jun 3

to me ⌄

 **Upstart**

Hi Israel,

Your Upstart loan payment for L5098841 is coming up. You have $290.93 due. You will need to log into your account and manually transfer payment from your bank account. Please

↩ **Reply**          ↪ **Forward**

# Monthly payment reminder  Inbox

**Upstart bill**

*Ex. 4 pg. 27*

# $290.93
# due on Jul 10

**Remind me**

Based on this email          Correct?

 **Upstart**  Jul 3

to me ⌄

 **Upstart**

Hi Israel,

Your Upstart loan payment for L5098841 is coming up. You have $290.93 due. You will need to log into your account and manually transfer payment from your bank account. Please

↩ **Reply**    ↪ **Forward**